PAUL SADLON, PLAINTIFF, v. PETER CUSICK, DEFENDANT.

Submitted January 30, 1931—Decided August 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Collins & Corbin.*

*Contra, Ackerson & Van Buskirk.*

PER CURIAM.

There was a verdict for the defendant in this case and plaintiff has a rule for new trial, and urges that it should be made absolute on the single ground that the verdict was against the weight of the evidence.

It was an accident case arising out of a collision between a delivery truck of the defendant and the plaintiff, on a bicycle. The undisputed proofs showed that the truck was proceeding in an easterly direction on the main thoroughfare from Bound Brook to Dunellen. A dirt road enters that highway from the south. The plaintiff rode out of this road on his bicycle into the Bound Brook road, proceeded across the highway, and the defendant, to avoid him, turned to his left and the collision occurred on the north side of the latter highway.

The plaintiff called three witnesses who testified in substance that when the plaintiff came out from the dirt road the truck was a considerable distance up the Bound Brook

road and to the plaintiff's left, varying in their estimate of the distance from two hundred and fifty to three hundred feet, and that the truck was proceeding at a rapid rate of speed.

Defendant's testimony was that he was but a short distance from the dirt road, about fifteen feet, when the plaintiff entered the Bound Brook road; that they were too close for him to stop; that he turned to the left to avoid him but was unable to do so, and that plaintiff struck the right-hand fender of his truck.

There was some corroboration of the defendant's testimony in the evidence given by plaintiff's witness, Cisty, who testified that after the accident he went down to where it had occurred and traced on the highway the tracks of the defendant's truck and that where they started to turn they were but a short distance west of the dirt road out of which the plaintiff came.

Taking the whole situation into account it seems to us that the jury's verdict was justified, or at least that it was not so far unjustified that it should be attributed to bad motives.

The rule will be discharged, with costs.